## S. Bernheimer et al. *v.* J. Chambliss Calhoun et al,

1. Chancery courts—Jurisdiction and powers.—In the organization of the judicial system under the constitution, the powers and jurisdiction heretofore belonging to the probate courts, and also the powers, authority, and jurisdiction of the chancery courts, were merged into one, and confided to the chancery courts of the several counties. These courts have full jurisdiction in all matters of equity, as well as over all subjects heretofore confided to probate courts.

2. Procedure in chancery—Probate matters—Separate creditors.—The mode of procedure against the estate of a decedent, in the exercise in chancery of the probate jurisdiction is according to the practice prescribed in the statutes on those subjects, and not according to the usual and ordinary modes of procedure in the chancery courts. Angeline A. Wells v. I. Smith, admr., *supra*, 296. Several and separate creditors of a decedent cannot recover their several debts by bill in chancery.

3. Construction of statute.—The 34th section of the act of 1870, by the use of general words, was meant to provide that all heirs, distributees, legatees, and creditors interested in decedents' estates, might, in chancery, bring forward, for adjudication, all matters and questions in relation to the execution of the duties and trusts of these fiduciaries, and the liability of themselves, and sureties on their bonds, for the protection, ultimately, of those interested in the estate, and not designed to enable a creditor to, who held simply a legal demand against an estate, to recover upon it by bill in chancery.

Appeal from the chancery court of Jefferson county. Ellis, J.

The facts are sufficiently stated in the opinion of the court.

The appellant assigned the following error:

The court erred in sustaining the demurrer of the defendant to complainants' bill of complaint, and in dismissing said bill.

*Berry & Drake,* for the appellants.

This was a bill filed by creditors, on three notes and an open account, against the administrator of a decedent's estate. The bill alleges that the notes were executed, and the *assumpsit* on account made by decedent in his life-time; that the notes and account remain wholly due and unpaid, and have been duly registered and probated according to law. Complainants pray for an account, a decree for amount due, and execution thereon, and for general relief.

The only ground of error complained of is, that the court below sustained defendant's demurrer and dismissed the bill.

It is admitted, that if this bill had been filed before the 4th day of May, A. D. 1870, the demurrer would have been well taken; but the powers and jurisdiction of courts of equity have been materially enlarged by the " act in relation to chancery courts," approved May 4th, A. D. 1870.

The 8th section gives to the chancery courts full jurisdiction of all matters which before that time were cognizable in courts of equity, as well as all matters which before that time were cognizable by courts of probate. See Acts, p. 46. sec. 3.

The 34th section provides among other things, " that in addition to the powers and jurisdiction hereinbefore conferred upon said chancery courts, the court in which administration," etc., etc., " is granted, shall have power and jurisdiction to hear and determine all questions," etc., etc., " and all demands, against administrators and estates, whether claimed by heirs at law, distributees, devisees, legatees, wards, creditors, or otherwise." See Acts 1870, p. 57, sec. 34.

It was undoubtedly the intention of the legislature, by this section, to give courts of equity common law jurisdiction; otherwise the 34th section is a dead letter; for the 3d section gives full equity powers, and there would be no necessity for the 34th section. It is an old and well established rule of interpretation, that " a statute ought to be so construed, if possible, that every word shall have force and effect, and that no clause, sentence or word shall be superfluous, void, or insignificant. 1 Bouvier's Inst., 42. § 7.

But it is contended by counsel for defendant (and the chancellor below sustains him), that the bill does not show equity on its face ; that it could not have been intended by the legislature to give courts of equity, common law jurisdiction.

Surely if appellants have " any demand, either against the administrator or the decedent's estate, " either " as creditors or otherwise, that demand may be heard and adjudicated by the chancery court under the 34th section of that act. "

Again, it is contended by counsel for defendant, that this interpretation of the law would be abridging the right of trial by jury. Such, however, is not the case. The 28th section of the same act gives the court power to empanel juries to try and determine issues of fact. See Acts 1870, p. 55, sec. 28.

SIMRALL, J. :

This suit in chancery was brought by Samuel and Adolph Bernheimer, partners under the firm name of Bernheimer & Bro., who sue for the use of Henry F. Labenberg, Lewis Keifer, Joseph W. and John H. Hart, under the firm name of Joseph Hart & Sons, and Mary A. Harper, administratrix of R. W. Harper, deceased, against J. Chambliss Calhoun, administrator of John S. Chambliss, deceased.

The only question is, whether these complainants, several and separate creditors of the estate of John S. Chambliss, deceased, can recover their several debts by bill in chancery. It is maintained by the counsel for the creditors, that the act establishing the chancery courts, approved 4th May, 1870, authorizes a suit by a creditor at large, to recover moneys due against the legal representative of a decedent. The 16th section of article 7 of the constitution, confers upon the chancery court " full jurisdiction in all matters of equity and of divorce and alimony, in matters testamentary and of administration," etc. The third section of the act of 4th of May, adopts literally this section of the constitution, as defining in general terms, the jurisdiction of the court.

In the organization of the judicial system under the constitution, the powers and jurisdictions, heretofore belonging to the probate courts, and also the powers, authority and jurisdiction of the chancery courts, were merged into one, and confided to the chancery courts of the several counties. So that the chancery courts have full jurisdiction in "all matters of equity," as well as over the subjects heretofore confided to the probate courts.

In the case of Angeline A. Wells v. I. Smith, administrator, etc., at this term, we held that the mode of procedure in the exercise of the probate jurisdiction, was according to the practice prescribed in the statutes on those subjects, and not according to the ordinary modes of procedure in the chancery courts. The 24th section of the act of 1870, to which we have been referred by the counsel for the creditors, does not sustain the right to the relief sought in this bill. We suppose this section, by the use of general words, was meant to declare, that all persons interested in estates, whether heirs, distributees, legatees or creditors, could, in the chancery court, bring forward all matters and questions for adjudication, in relation to the execution of the duties and trusts of these fiduciaries, and likewise they could, on proper proceedings, have heard and determined the liabilities of such parties, and the sureties on their bonds. The scope of the section looks to remedies against these trustees, for a proper and legal performance of their duties for the protection ultimately of those interested in the estate. It is a transfer by general descriptive words, to the chancery courts, of the precautionary and preventive remedies used in the probate courts, and also such as respected the faithful discharge of the fiduciary trusts; and is not designed to enlarge the powers of the court, so as to enable a creditor who had simply a legal demand against the estate, to recover upon it by bill in chancery.

These complaints have each a separate demand, represented by promissory note or open account, against the estate. The remedy at law is full, adequate, and unembarred;

there is no community of right among them; they do not prefer the ordinary creditor's bill; there is not an element of equity in their claims, jointly or separately. The bill simply discloses the fact that these complainants have due them, separate debts against the estate of the intestate, recoverable in separate actions at law, for which they pray a decree against the administrator.

The decree of the chancery court, sustaining the demurrer and dismissing the bill, is affirmed, but without prejudice to the complainants to bring other appropriate suits.